# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, *on his own behalf and on behalf of others similarly situated,* et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 4:23-CV-669 HEA<br>) |
| INSOMNIA COOKIES, LLC, *et al.,* | )<br>) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on a number of issues. Plaintiff Jonn Gibson moves for leave to file a Second Amended Complaint. (ECF No. 79). Defendants oppose the motion, which is fully briefed and ripe for review. Also before the Court are two disputes that remain regarding the stipulated conditional certification of a collective action and the notice process. The Court will first take up Plaintiff's motion for leave to file an amended complaint.

### I.     Motion for Leave to File Second Amended Complaint

As background, Plaintiffs Michael Williams and Jonn Gibson were employed as Store Managers in Insomnia Cookies stores in the St. Louis area. They first brought suit against Insomnia Cookies, LLC ("Insomnia Cookies"), Serve U Brands, Inc., and Seth Berkowitz (collectively "Defendants") in the United States District

Court for the Southern District of New York asserting wage and hour claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and Missouri state law. On May 23, 2023, the case was transferred to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404.[1]

On August 18, 2023, Plaintiffs filed an Amended Complaint to bring the following claims against Defendants: Failure to Pay Overtime in violation of the FLSA, 28 U.S.C. § 207(a)(1) (Count I); Failure to Pay Wages in violation of the Missouri Unpaid Wage Law ("MUWL"), Mo. Rev. Stat. § 290.110 (Count II); and Failure to Pay Overtime in violation of the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.505.1 (Count III). Plaintiff Gibson brings additional claims against Defendants for Breach of Implied Contract for Costs and Expenses of Electric Delivery Vehicle (Count IV), and "Failure To Pay To Delivery Experts Working 'On The Road'" (Count V). In their Amended Complaint, Plaintiffs bring individual claims and also seek to represent other similarly situated non-exempt employees. Plaintiffs seek to represent a collective action under the FLSA in Count I, and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure in Counts II and III. Plaintiff Gibson seeks to represent a class pursuant to Rule 23 in Counts IV and V.

---

[1] The case was originally assigned to the Honorable Ronnie L. White. Judge White has since retired, and the case was assigned to the undersigned on June 17, 2024.

In response to Plaintiff Williams's claims, Defendants filed a Motion to Compel Arbitration, which the Court granted.[2] (ECF No. 55). Defendants filed a Motion to Dismiss Plaintiff Gibson's claims pursuant to Rule (b)(2) and (6), which was granted in part and denied in part. (*Id.*) The Court granted the motion to dismiss as to Plaintiff Gibson's claims against Defendant Berkowitz under the FLSA in Count I. (*Id.*) It also granted the motion to dismiss to the extent Plaintiff Gibson was seeking to bring a collective action and assert claims under FLSA on behalf of employees with no connections to Missouri. (*Id.*)

Under the Case Management Order ("CMO"), amended pleadings were to be filed by May 17, 2024. Based on the docket sheet, it appears Plaintiffs filed a motion for extension of time to file a Second Amended Complaint on May 17, 2024, but the motion was stricken from the record for filing error. (ECF Nos. 69 and 70). On May 24, 2024, Plaintiffs filed a motion for leave to file a Second Amended Complaint, which again was stricken for filing errors. (ECF Nos. 76 and 77). Then on May 31, 2024, Plaintiff Gibson once again filed a motion for leave to file a Second Amended Complaint, which is the motion presently at bar. (ECF No. 79).

Plaintiff Gibson seeks to make the following changes to the operative complaint in this case: (1) eliminate Seth Berkowitz as a defendant; (2) add a common law claim of Quantum Meruit, bought on behalf of Plaintiff Gibson and a

---

[2]This case was stayed pending arbitration as to Plaintiff Williams's claims only.

3

class; and (3) add a common law claim of Unjust Enrichment, bought on behalf of Plaintiff Gibson and a class.  Both the quantum meruit and unjust enrichment claims seek unpaid wages due within the five preceding years.

Defendants oppose Plaintiff Gibson's motion.  Defendants argue that the motion for leave to amend is untimely, and in any event, amendment would be futile, because Plaintiff Gibson's proposed common law claims are preempted by the FLSA.  Defendants further argue that the applicable statute of limitations for quantum meruit and unjust enrichment claims is two years not five.

Regarding Defendants' timeliness argument, Plaintiff Gibson's motion for leave to amend was filed fourteen (14) days after the deadline for amendment of pleadings as set forth in the CMO.  That said, Plaintiff Gibson attempted to file a motion for extension of that deadline on May 17, 2024.  The motion, however, was stricken for filing errors.  Plaintiff Gibson attempted to file a motion for leave to amend, but it was again stricken for filing errors.  In his Order striking the Plaintiff Gibson's second attempt, Judge White wrote, "IT IS FURTHER ORDERED that *on or before May 31, 2024*, Plaintiff Jonn Gibson may refile [his Motion to Amend/Correct Amended Complaint] memorand[um], and supporting documents in conformance with the Local Rules and CM/ECF Procedures Manual."  (ECF No. 77) (emphasis added).  Plaintiff Gibson filed his motion for leave to amend on May 31, 2024, as the Court ordered.

4

This Court finds Plaintiff Gibson's Motion for Leave to file a Second Amended Complaint was timely, as Plaintiff Gibson was granted leave to file his motion on or before May 31, 2024, which he did.  As the motion was timely filed, the Court will consider whether amendment is proper under Fed. R. Civ. P. 15(a). *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

Rule 15 governs the filing of amended and supplemental pleadings and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  *See also In re Cerner Corp. Sec. Litig.*, 425 F.3d 1079, 1086 (8th Cir. 2005).  Unless there is a good reason for denial, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)).  *See also Word v. Missouri Dep't of Corr.*, 542 F. App'x 540, 541 (8th Cir. 2013) (finding district court abused its discretion by denying plaintiff's motion for leave to amend his complaint).

Defendants argue that the Court should not grant Plaintiff Gibson leave to amend his complaint, because the amendment would be futile in that the claims Plaintiff Gibson seeks to add are preempted by the FLSA.  The U.S. Supreme Court and the Eighth Circuit Court of Appeals have not addressed whether the FLSA preempts state common law claims, although courts from this District, including the undersigned, have.

5

State law is preempted if a court determines that (1) Congress expressly preempts state law; (2) Congress has pervasively regulated conduct in a field manifesting its intent to preempt state law; or (3) the state law conflicts with federal law. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992); *English v. Gen. Elec. Co.*, 496 U.S. 72, 78–79 (1990); *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1141 (E.D. Mo. 2007). When there is no express pre-emptive language, as is the case with the FLSA, preemptive intent may be inferred if the scope of the statute "indicate[s] Congress intended federal law to occupy the legislative field, or if there is an actual conflict between state and federal law." *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008). Such a conflict arises when "compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Qwest Corp. v. Minnesota Pub. Utilities Comm'n*, 684 F.3d 721, 726 (8th Cir. 2012) (quotations and citations omitted).

This Court has previously found that Congress did not intend to occupy the field of wage and hour law, and that state common law claims of quantum meruit and unjust enrichment are not in conflict with the FLSA. *Byrd v. BJC Health Sys.*, No. 4:11-CV-1571 HEA, 2013 WL 1581420, at *2 (E.D. Mo. Apr. 12, 2013). *See also Tinsley v. Covenant Care Servs., LLC*, No. 1:14-CV-26 ACL, 2016 WL 393577, at *4 (E.D. Mo. Feb. 2, 2016); *Fry v. Accent Mktg. Servs., L.L.C.*, No. 4:13-CV-59 CDP, 2013 WL 2403669, at *2 (E.D. Mo. May 31, 2013); *Davenport v. Charter*

6

*Commc'ns, LLC*, No. 4:12-CV-7 AGF, 2012 WL 5050580, at *3 (E.D. Mo. Oct. 18, 2012); *Doyel v. McDonald's Corp.*, No. 4:08-CV-1198 CAS, 2009 WL 350627, at *4 (E.D. Mo. Feb. 10, 2009). In opposing Plaintiff Gibson's motion for leave to amend, Defendants fail to offer a persuasive argument as to why the Court should overrule its prior ruling. Consistent with the reasoning in *Byrd,* the Court finds Plaintiff Gibson's proposed claims of quantum meruit and unjust enrichment are not preempted by the FLSA, and he may bring these claims as alternative theories of recovery in this case. Fed. R. Civ. P. 8(d)(3).[3]

That said, Plaintiff seeks to bring quantum meruit and unjust enrichment claims on his own behalf and on behalf of a class pursuant Fed. R. Civ. P. 23. Under the CMO, Plaintiff Gibson was to file any motions for conditional certification of a collective action under the FLSA or for class certification pursuant to Rule 23 by May 24, 2024 – a deadline that was later extended to May 31, 2024. (ECF Nos. 64 and 77). Plaintiff Gibson did move that the Court conditionally certify a collective action under the FLSA, but he did not move for class certification of his state law claims pursuant to Rule 23. (ECF No. 81). As the class certification deadline has

---

[3]Defendants also object to Plaintiff Gibson's proposed Second Amended Complaint on the basis that he has pleaded a five-year statute of limitations for his state common law claims of quantum meruit and unjust enrichment when it should be two years. Importantly, Defendants do not argue that Plaintiff's new state law claims would be barred by the statute of limitations, only that the proposed pleading should be modified to reflect the proper statute of limitations. The issue before the Court, however, is whether leave to amend should be granted – in other words whether an amendment would be futile – not whether an affirmative defense that limits but does not eliminate Plaintiff's claims applies. The Court declines to consider Defendants' argument regarding the applicable statute of limitations at this time.

7

expired, and the Court sees no good reason to extend it, the Court finds amendment of the operative complaint to bring state law claims on behalf of a class would be futile. Plaintiff Gibson is granted leave to file a Second Amended Complaint to plead quantum meruit and unjust enrichment claims on his own behalf only.

## II.     *Collective Action Certification and Notice Issues*

The Court now turns to the parties' disputes regarding notice to the potential plaintiffs of the conditionally certified collective action. As stated above, on May 31, 2024, Plaintiff filed a motion for conditional certification of a collective action under the FLSA. Defendants moved for extensions of time to respond to the motion, but on July 26, 2024, the parties filed a Stipulation and Proposed Order agreeing to the conditional certification of a collective action under the FLSA, 29 U.S.C. § 216(b). (ECF No. 96). The Court signed the Stipulation and Order on July 29, 2024. (ECF No. 98). The parties now move that the Court resolve two disputes related to conditional certification of the collective action and the notice process.[4] The parties characterize the two issues in dispute as follows:

1) The scope of personal information of the collective members Defendants will provide the Plaintiff. Plaintiff seeks the same information Defendants have agreed to provide to a third-party administrator (the first name and last name, dates of employment,

---

[4]The parties filed a joint document with the Court detailing the parties' respective positions as the two issues in dispute. (ECF No. 100). This document, which is untitled, is seven pages long and contains detailed arguments and citations to legal authority. The document is single-spaced, which is not allowed under the Local Rules. E.D. Mo. L.R. 2.01. In fact, Judge White struck from the record a number of Plaintiffs' filings because they were single-spaced. In the future, the parties shall comply with the Local Rules of this Court. The Court will strike from the record all filings that are single-spaced.

8

last known mailing addresses with apartment number, if applicable, city and zip code, last known telephone number, and last known email addresses). Defendants seek to furnish only the first name and last name, and dates of employment, of the collective members on Plaintiff's counsel in the first instance, but to furnish on Plaintiff the remaining information as to any collective member who opts in; and

2) Whether notice shall physically be posted at Insomnia Cookies locations where individuals receiving the notice by other means— specifically by regular mail, text message, and email—are employed. Plaintiff believes notice should be posted physical in the subject locations. Defendant believes physical posting of the notices at the subject locations is inappropriate.

(ECF No. 100 at 1-2).

**A. Disclosure of Personal Information of Potential Collective Action Members**

Under the Stipulation and Order, the parties are to engage a Third-Party Administrator ("TPA") to disseminate notice to potential collective action members. Defendants are to provide the TPA with the first and last names, dates of employment, last know mailing addresses, last know telephone numbers, and last known email addresses of all current and former non-exempt employees who worked as Store Managers in Missouri at any time between April 23, 2020 and the present day and who were not subject to an arbitration agreement. Plaintiff Gibson now asks that he be provided with all the information Defendants provide to the TPA. Defendants oppose this request and offer to provide Plaintiff Gibson with a redacted list containing the first and last names and dates of employment of the notice recipients.

9

In general, the purpose of the notice under the FLSA is to provide potential collective action members information about the existence of the lawsuit to allow them to consider whether or not to join. *Littlefield v. Dealer Warranty Servs., LLC*, 679 F.Supp.2d at 1014, 1018 (E.D. Mo. 2010). Plaintiff Gibson argues that the courts in this District and within the Eighth Circuit routinely order defendants to provide plaintiffs with detailed contact information in the context of granting conditional collective certifications. *See, e.g., Ferguson v. Arkansas Support Network, Inc.,* No. 5:17-CV-5257, 2018 WL 2136359, at *4 (W.D. Ark. May 9, 2018) (directing the defendant to provide plaintiffs' counsel with a list of all potential class members, including their names, last known addresses, phone numbers, email addresses, and dates of employment); *Mayberry v. SSM Health Bus.*, No. 4:15-CV-01680 (CEJ), 2017 WL 2334981, at *16 (E.D. Mo. May 30, 2017) (same); *Cooper v. Integrity Home Care, Inc.,* No. 4:16-CV-1293 DGK, 2017 WL 1628974, at *4 (W.D. Mo. May 1, 2017) (same); *Koenig v. Bourdeau Const. LLC*, No. 4:13-CV-477 SNLJ, 2013 WL 5876712, *3 (E.D. Mo. Oct. 31, 2013) (same).

The cases Plaintiff Gibson cites, however, are distinguishable from the instant the case, because here the parties have agreed that a TPA shall provide notice to potential collective action members. In the four cases Plaintiff Gibson cites, the parties did not engage a TPA to provide notice but rather, plaintiffs' counsel provided notice to the potential collective action members directly. *Ferguson*, 2018 WL 2136359, at *4; *Mayberry*, 2017 WL 2334981, at *16; *Cooper,* 2017 WL

10

1628974, at *4; *Koenig*, 2013 WL 5876712, at *3. The same cannot be said here. Based on the Stipulation and Order, Plaintiff's counsel will have no role in providing notice.

Furthermore, courts in this District have refused to provide plaintiffs with contact information for potential collective members when the specific information is not deemed necessary to effectuate notice. *Davenport v Charter Commc'ns., LLC*, No. 4:12-CV-7 AGF, 2014 WL 1272783, at *8 (E.D. Mo. Mar. 27, 2014) ("The Court sees no reason, however, that Plaintiff should be provided both e-mail addresses and personal telephone numbers and finds the prospect of providing personal telephone numbers to Plaintiff to be unduly invasive of employees' and former employees; privacy."); *White v. 14051 Manchester, Inc.*, No. 4:12-CV-469 JAR, 2012 WL 5994263, at *5 (E.D. Mo. Nov. 30, 2012) (refusing to order the production of telephone numbers "because such information is not necessary to provide notice of the litigation."); *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1018–9 (E.D. Mo. 2010) (denying request to provide employees' personal telephone numbers or social security numbers as not necessary to provide meaningful notice). Importantly, Plaintiff Gibson does not explain why he requires detailed contact information in light of the fact that a TPA will be responsible for providing notice to potential collective action members in this case.

Defendants argue there is no reason Plaintiff Gibson requires detailed contact information at this time. Under the Stipulation and Order, Defendants will produce

11

to the TPA detailed contact information for the potential collective members. (ECF No. 98 at 2, ¶ C). Defendants will also provide Plaintiff Gibson with an affidavit indicating that the information provided to the TPA is accurate. (*Id.* at ¶ D). Following receipt of a consent form, the TPA will then provide Plaintiff Gibson with the contact information (i.e., mailing address, telephone number, and email) of individuals, if any, who opt in to the collective action. (*Id.* at ¶ G). In addition, Defendants propose that when they provide the TPA with the detailed contact list, they will also provide to Plaintiff Gibson a redacted list containing the first and last names and dates of employment of they notice recipients. They argue that providing Plaintiff Gibson with a redacted list protects the privacy interests of its former and current employees and does not hinder Plaintiff Gibson's interests in providing notice to potential collective action members.

In the absence of further explanation as to why Plaintiff Gibson requires detailed contact information at this time to effectuate proper notice, the Court agrees with Defendants. The Court finds that the procedures set forth in the Stipulation and Order, in addition to Defendants' proposal that they provide Plaintiff Gibson with a redacted list, are sufficient to effectuate proper notice in this case.

### B.    Posting Notice in Insomnia Locations

Plaintiff Gibson also requests that there be notice of the conditional collective action physically posted at Insomnia locations. Plaintiff Gibson argues that justice requires that notice of the collective action reach the largest number of potential

12

collective action members. He points to the fact that district courts in the Eighth Circuit have allowed notices of potential class actions to be physically posted in places of employment. *Sandoval v. Serco, Inc.*, No. 4:18-CV-01562 JAR, 2019 WL 13123412, at *3 (E.D. Mo. July 29, 2019) (finding notice by mail and posting at the workplace increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit); *Koenig*, 2013 WL 5876712, at *4 (ordering the defendants to "conspicuously post the revised notice and consent in its office break room"); *Putman v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 277 (S.D. Iowa 2011) (holding notice by mail and posting at workplace locations was sufficient); *Simmons v. Enterprise Holdings, Inc.*, No. 4:10-CV-625 AGF, 2011 WL 855669, at *3 (E.D. Mo. Mar. 9, 2011) (requiring notice in employee break rooms during notice period). Plaintiff Gibson, however, fails to explain why notice through U.S. Mail, email, and texts are insufficient and how, under the facts of this case, physically posting notice in Insomnia Cookie locations will increase the likelihood that more potential opt-in members will receive notice of the conditional collective action.

Defendants object to Plaintiff's request to physically post notice in their store locations. Defendants argue that they have agreed to "a robust, multi-channel notice process," which includes notice through U.S. Mail, email, and text messages. (ECF No. 100 at 5). They maintain that physically posting notice in their stores would constitute an unnecessary and redundant method of communication that would not reach additional members, but potentially would be confusing. Defendants point to

13

the fact that potential collective action members only include Store Managers, for which there is only one per store. Therefore, according to Defendants, the postings would be viewed almost exclusively by individuals who are not potential collective members. Defendants argue that delivery of notice through the U.S. Mail, email, and text is sufficient notice. The Court agrees.

Under the facts of this case, the Court finds that it is doubtful that posting notices in Insomnia locations will increase the efficacy of notice. The Court finds delivery of notice through the U.S. Mail, emails, and texts is sufficient, and it will not require Defendants to post notice of this collective action in Insomnia locations. *See Jackson v Synergies3 TEC Servs., LLC*, No. 4:19-CV-178-SRC, 2019 WL 5579514, at *7 (E.D. Mo. Oct. 29, 2019) (denying the plaintiff's request for notice to be physically posted onsite finding notice through other means was adequate); *Wilson v. PNK (River City), LLC*, No. 4:15-CV-380 AGF, 2015 WL 5098716, at *4 (E.D. Mo. Aug. 31, 2015) (same); *Halsey v. Casino One Corp.*, No. 4:12-CV1602 CDP, 2012 WL 6200531, at *6 (E.D. Mo. Dec. 12, 2012) (same).

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Opinion, Memorandum, and Order, Plaintiff Jonn Gibson's Motion for Leave to File a Second Amended Complaint is **GRANTED.** The Court, however, will not direct the Clerk of Court to docket the proposed Second Amended Complaint that was attached to Plaintiff Gibson's motion because it contains new class action allegations, which are

untimely. Plaintiff Gibson shall promptly file a Second Amended Complaint that complies with the terms of this Opinion, Memorandum, and Order.  Once the Second Amended Complaint is filed, Defendants shall answer or otherwise respond within the time allowed under the applicable rules.  [ECF No. 79]

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Judicial Intervention to resolve two disputes regarding the stipulated conditional certification and notice process is **GRANTED.**  [ECF No. 97]  Consistent with the terms of this Opinion, Memorandum, and Order, the Court rules as follows: (1) within fourteen (14) days of today's date, Defendants shall provide to Plaintiff Gibson the first and last names and dates of employment of all current and former non-exempt employees who worked in the Store Manager job title for Insomnia Cookies, LLC at its Missouri stores at any time between April 23, 2020 and the present day and who were not subject to an agreement to individually arbitrate disputes with Insomnia Cookies, LLC; (2) that notice of the pending collection action need not be physically posted at Insomnia Cookie locations.

**IT IS FURTHER ORDERED** that Plaintiff Jonn Gibson's Motion for Conditional Collection Action Certification and Defendants Insomnia Cookies, LLC and Serve U Brands, Inc.'s Third Unopposed Motion for Extension of Time to File Opposition to Plaintiff's motion for Conditional Certification are **DENIED as moot.** [ECF Nos. 81 and 95]

**IT IS FURTHER ORDERED** that the parties shall comply with the Local Rules of the Eastern District of Missouri. In the future, the Court shall strike from the record for attorney filing error all court filings that are single-spaced. E.D. Mo. L.R. 2.01.

Dated this 28th day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

16