UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, *on his own behalf and on behalf of others similarly situated,* et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   No. 4:23-CV-669 HEA |
| INSOMNIA COOKIES, LLC, *et al.,* | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on a number of issues. Plaintiff/Counter-defendant Jonn Gibson moves for leave to file an answer to Defendants/Counter-claimants' amended counterclaims out of time. (ECF No. 131). Defendants/Counter-claimants oppose the motion. Also before the Court is Plaintiff/Counter-defendant's motion for extension of time to complete discovery, (ECF No. 134), and the Court's Order to Show Cause and parties response thereto. (ECF No. 137 and 138). For the reasons that follow, the Court denies the two motions, and it will not enter sanctions against the parties.

*I.     Background*

This case was originally filed on April 23, 2023. Jonn Gibson ("Gibson") was employed as a Store Manager in Insomnia Cookies stores in the St. Louis area. In

his Second Amended Complaint, Gibson brings the following claims against Insomnia Cookies, LLC and Serve U Brands, Inc. (collectively "Insomnia"): Failure to Pay Overtime in violation of the FLSA, 28 U.S.C. § 207(a)(1) (Count I); Failure to Pay Wages in violation of the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.110 (Count II); and Failure to Pay Overtime in violation of the MMWL, Mo. Rev. Stat. § 290.505.1 (Count III); Breach of Implied Contract for Costs and Expenses of Electric Delivery Vehicle (Count IV); "Failure To Pay To Delivery Experts Working 'On The Road'" (Count V); Quantum Meruit (Count VI); and Unjust Enrichment (Count VII).[1]  (ECF No. 109).

Gibson brings individual claims, and he also sought to represent other similarly situated non-exempt employees.  The parties consented to conditional certification of the FLSA claims for employees who worked as Store Managers in Insomnia Cookie stores in Missouri.  On July 29, 2024, the Court entered a Stipulation Order, which provided for notice to be sent to potential members of the collective action.  (ECF No. 98).  No one filed a consent opting into the collective action.[2]

---

[1] Plaintiff Michael Williams is no longer a party to this suit.  In a Memorandum and Order dated February 7, 2024, the Court granted Insomnia's Motion to Compel Arbitration against Plaintiff Williams, and on September 3, 2024, the parties filed a Stipulation of Voluntary dismissal as to Plaintiff Williams.  (ECF No. 106).

[2] In his initial and First Amended Complaint, Gibson also brought class allegations seeking to represent a class for certain state law claims pursuant to Federal Rule of Civil Procedure 23, but he failed to file a motion for class certification.

2

Under the Second Amended Case Management Order ("CMO"), which is dated June 18, 2024 and is the operative CMO in this case, discovery was set to close on December 30, 2024. Further, the dispositive motion deadline was March 19, 2025, and the case was set for trial on July 21, 2025. (ECF No. 87).

On November 11, 2024, Insomnia filed an Amended Answer to the Second Amended Complaint, and they asserted the following counterclaims against Gibson: Violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836, *et seq.*, (Counterclaim I); Breach of Contract (Counterclaim II); Misappropriation of Confidential Information (Counterclaim III); Violation of the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. §§ 417.450, *et seq.*, (Counterclaim IV); and Violation of the Missouri Computer Tampering Act, Mo. Rev. Stat. § 537.525 (Counterclaim V). (ECF No. 114).

In response, Gibson filed a motion to dismiss the amended counterclaims. The parties also filed a motion asking the Court to extend the discovery completion deadline from December 30, 2024, until 60 days after the Court issued an Order on Gibson's motion to dismiss. (ECF No. 120). The Court granted the parties' motion. (ECF No. 121). In their motion, the parties requested no other amendment to the CMO.

On May 23, 2025, the Court referred the case for 60 days to Alternative Dispute Resolution ("ADR"), and more specifically mediation, and reset the trial date to September 29, 2025. (ECF Nos. 122 and 123). After receiving notice that

3

the parties failed to reach a settlement in ADR, the Court issued its ruling on Gibson's motion to dismiss the amended counterclaims. In an Opinion, Memorandum and Order dated July 23, 2025, the Court denied the motion as to Counterclaims I, II, IV, and V, but granted dismissal of Counterclaim III. (ECF No. 127).

Gibson failed to file an Answer to the Amended Counterclaims, and on September 2, 2025, Insomnia filed, pursuant to Rule 55(a), a request for the clerk's entry of default. (ECF No. 128). On September 5, 2025, Gibson filed a motion for leave to file his answer out of time, which is presently at bar. (ECF No. 131). On September 17, 2025, Gibson filed a motion for a 60-day extension of time to complete discovery. (ECF No. 134). Again, he requested no other amendment to the CMO.

Under the CMO, the parties were to deliver to the Clerk of Court and/or file with the Court, on or before September 15, 2025, the following documents: a joint stipulation of uncontested facts and a joint summary of the case to be used for Voir Dire; a list of all proposed witnesses; a list of all proposed exhibits; a list of all interrogatory answers, depositions and answers to requests for admissions proposed to be offered in evidence; proposed jury instructions; and a trial brief. The deadline passed and neither side filed any pretrial compliance materials. Furthermore, neither side requested that the Court continue the trial setting.

4

On September 18, 2025, the Court ordered the parties to show cause as to why they should not be sanctioned with dismissal of their respective claims and counterclaims with prejudice for failing to file the requisite pretrial materials as ordered in the CMO. The parties filed a joint response to the Order to Show Cause on September 19, 2025. (ECF No. 136).

## II. Discussion

### A. Motion to File Answer Out of Time

The Court will first take up Gibson's motion for leave to file his answer to the Amended Counterclaims out of time. Under Rule 12(a)(4)(A), Gibson had 14 days from the Court's July 23, 2025 ruling on his motion to dismiss – up to August 6, 2025 – to file an answer to the remaining Counterclaims. Gibson did not attempt to file an answer until after Insomnia moved for the clerk's entry of default.

Rule 6(b) permits the Court "for good cause, [to] extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The term "excusable neglect" is generally "'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394 (1993)). To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis

5

for not complying with the rules. *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997).

"In assessing whether conduct is excusable, several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–67 (8th Cir. 2007) (citing *Pioneer Inv. Services Co.*, 507 U.S. at 395). The four factors "do not carry equal weight; the reason for delay is a key factor in the analysis." *Id.* (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

The Court will first address the reasons for Gibson's inaction and whether his counsel acted reasonably and in good faith. Gibson argues that the Court should allow him leave to file his answer out of time because of health reasons and the press of business. According to the motion, one of Gibson's attorneys had surgery on July 8, 2025, which required a four-day "stay," and a second surgery on August 12,

6

2025.[3] (ECF No. 131). The Court will not minimize a medical condition – although the nature of the condition is unknown – but Gibson is represented by three attorneys in this case. Either of the two other attorneys should have filed a timely answer or moved for an extension of time before the deadline expired. Furthermore, the initial surgery occurred approximately a month before the deadline, and the second surgery was approximately a week after it.

As for the press of business, Gibson asserts that his attorney had a jury trial from July 28 to 29, 2025, evidentiary hearings each week of August 2025, in addition to in-person and virtual conferences and depositions, and appellate-level paperwork. In other words, Gibson is arguing that his attorneys' busy practice led to the untimely filing. Attorney carelessness from a busy practice does not constitute "excusable neglect." *Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 475–77 (8th Cir. 1983) (attorney carelessness is not "excusable neglect"). *See also Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1569 (11th Cir. 1987) (careless as result of busy law practice is not excusable neglect); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) ("It is well established, however, that 'the fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2).'"). The Court does not believe that counsel acted in bad faith, but it finds that Gibson's

---

[3]This information is provided in Gibson's motion. There were no affidavits attached to the motion, Gibson provided no specifics as to the nature of the surgeries, which could have been filed under seal with leave of Court, if necessary.

7

proffered reasons for his attorneys' failure to file an answer to be more than mere negligence or even carelessness. It was not reasonable for three attorneys to have missed the deadline, even with a busy practice. Their conduct does not amount to excusable neglect. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462 (8th Cir. 2000) (not excusable neglect for an attorney to miss a known deadline).

As for the remaining factors, Gibson did not seek leave to file his answer out of time until Insomnia filed for the entry of default. The motion was 30 days late and filed less than a month before trial. The length of the delay and the timing of the motion weighs against Gibson's request for relief.

Finally, the Court turns to the impact the delay and granting Gibson's request had and would have on these proceedings. This case was filed in April 2023, and it has been pending for almost two and a half years. Trial is set for next week (September 29, 2025). Further, based on other filings in the record, it would seem that for at least the past eighth months, counsel has neglected to prosecute this case. Gibson's attorneys sat on their hands and failed to conduct discovery. The relief Gibson requests would require the Court to vacate the trial date, which no one has requested, and the Court is not inclined to do. Weighing all the factors, the Court finds that Gibson has not established that his failure to file an answer to Insomnia's counterclaims was the result of excusable neglect, or that he is entitled to the relief he is requesting. The motion for leave to file an answer out of time is denied.

8

### B. Motion for Extension of Time to Complete Discovery

Gibson moves that the Court extend discovery in this case for 60 days, which Insomnia does not oppose but argues should only be extended 30 days if the Court grants the "Default Motion." (ECF No. 130 at 4). The Court finds that the parties have failed to show exceptional circumstances for amending the CMO. (ECF No. 87 at 1). Despite the fact that this case has been pending more than two years, that discovery was extended more than eight months, and trial is scheduled for next week, it would appear that the parties agreed to suspend discovery in this case. In December 2024, the parties did not request that the Court stay discovery, but rather they asked that the discovery completion deadline be extended, which the Court granted. The parties have had 18 months to conduct discovery in this case. There is no good reason, let alone, exceptional circumstances for the extension of the discovery completion deadline.

### C. Show Cause Order

Finally, on September 18, 2025, the Court ordered the parties to show cause as to why they should not be sanctioned for failing to file pretrial compliance materials as provided for by the CMO. The parties responded by detailing the procedural background of this case since November 11, 2024, and by stating, essentially, that they forgot. "[T]he Parties inadvertently failed to account for the still-scheduled September 29, 2025, trial date [ ] and attendant September 15, 2025,

9

deadline for pretrial submissions[.]" (ECF No. 138). Notably, neither side has requested that the Court vacate the September 29, 2025 trial date.

The Court declines to sanction the parties at this time, and it will proceed with trial as scheduled. The parties have waived filing motions *in limine*, but all other pretrial compliance materials must be filed on or before September 25, 2025.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff/Counter-defendant Jonn Gibson's Motion for Leave to File Answer to Amended Counterclaims Out of Time and Motion for Extension of Time to Complete Discovery are **DENIED.** [ECF No. 131 and 134].

**IT IS FURTHER ORDERED** that on or before **September 25, 2025, at 5:00 p.m.**, and consistent with the terms of the Second Amended Case Management Order dated June 18, 2024, the parties shall each deliver to the Clerk of Court and/or file with the Court, the following documents: a joint stipulation of uncontested facts and a joint summary of the case to be used for Voir Dire; a list of all proposed witnesses; a list of all proposed exhibits; a list of all interrogatory answers, depositions and answers to requests for admissions proposed to be offered in evidence; proposed jury instructions; and a trial brief. **A party's failure to comply with the terms of this Order to file pretrial compliance materials on or before September 25, 2025, at 5:00 p.m., will result in the imposition of sanctions,**

**including the dismissal of the party's respective claims or counterclaims with prejudice.**

  **IT IS FURTHER ORDERED** that the Clerk of Court shall promptly take up Counter-Claimants Insomnia Cookies, LLC, and Serve U Brands, Inc.'s Motion for Entry of Clerk's default.  [ECF No. 128]

  Dated this 22nd day of September, 2025.

_____<br>
HENRY EDWARD AUTREY<br>
UNITED STATES DISTRICT JUDGE